FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Direct Line: +1.212.859.8931
Email: ilan.graff@friedfrank.com
October 16, 2026

**Via ECF**

Hon. Paul A. Engelmayer
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Cooperstown Properties, LLC, et al. v. RedBird Capital Partners Management, LLC, et al.*, Case No. 1:26-mc-00467-PAE

Dear Judge Engelmayer:

This firm represents Respondents RedBird Capital Partners Management, LLC ("RedBird") and Gerald Cardinale (collectively, the "RedBird Respondents") in the above-captioned proceeding. Pursuant to Sections 1 and 4.B of Your Honor's Individual Rules and Practices in Civil Cases, the Court's Standing Order 19-mc-00583, and this Court's Electronic Case Filings Rule 6, the RedBird Respondents respectfully submit this letter motion requesting that the Court keep under seal the unredacted versions of (i) nonparties RedBird Capital Partners Management, LLC's and Gerald Cardinale's Memorandum of Law in Opposition to Petitioners' Motion to Compel the Production of Documents (the "Opposition"); (2) the accompanying Declaration of Benjamin Cermak (the "Cermak Declaration"); and (3) Exhibit 1 to the Declaration of Ilan Graff in Opposition to Petitioners' Motion to Compel the Production of Documents (the "Graff Exhibit"), with the redacted versions of the Opposition, Cermak Declaration, and Graff Exhibit available for public view.

In an Order dated October 5, 2026, the Court granted the motion of Petitioners Cooperstown Properties, LLC and Cooperstown Dreams Park, Inc.'s (the "Petitioners") to file under seal the Memorandum of Law in Support of Petitioners' Motion to Compel the Production of Documents from Respondents RedBird Capital Partners Management, LLC, Gerald Cardinale, Isaac Harrouche, David Blitzer, and Bolt Ventures I LLC (the "Motion to Compel"), and Exhibits 1, 10-11, 13-14, 16, 20, 23-29, 31, and 38 appended to the Declaration of Joshua R. Kornfield dated September 22, 2026 (the "Sealed Exhibits"). *See* Dkt. No. 12. The RedBird Respondents are now filing the Opposition, Cermak Declaration and Graff Exhibit, which contain the same confidential and competitively sensitive information the Court permitted to be sealed in the Motion to Compel and Sealed Exhibits. For the same reasons the Court granted Petitioners' prior sealing motion, it should grant this motion as well.

## I. Legal Standard

Fed. R. Civ. P. 5.2(d) provides that the Court "may order that a filing be made under seal without redaction" and may later "order the person who made the filing to file a redacted version for the public record." Under the Second Circuit's established framework, courts apply a three-part test to determine whether sealing is warranted: (1) whether the material at issue is a judicial document implicating the right of public access; (2) the weight of the presumption of public access; and (3) whether countervailing interests outweigh that presumption. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). A district court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed" on its docket. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

"'[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Lugosch*, 435 F.3d at 120 (quoting *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Courts have recognized that the protection of sensitive business information is a "higher value" that may outweigh the presumption of public access, particularly where redactions of the information are narrowly tailored. *See Kewazinga Corp. v. Google LLC*, 2024 WL 3442428, at *1-2 (S.D.N.Y. July 17, 2024) ("Examples of 'higher values' include … the confidentiality of sensitive commercial information" (citation omitted)); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving redactions "limited to specific business information and strategies"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing "[c]onfidential business information" that "may provide valuable insights into a company's current business practices"). "[C]ourts routinely seal documents to prevent the disclosure of confidential business information." *Rauch Indus., Inc. v. Heart Artist LLC*, 2025 WL 3209412, at *3 (S.D.N.Y. Nov. 17, 2025) (collecting cases).

## II. Sealing the Opposition, Cermak Declaration, and Graff Exhibit

The sealing and leave to file unredacted versions requested is limited to protecting only confidential financial and commercial information concerning private investment transactions involving nonparties. Specifically, the RedBird Respondents seek to redact two categories of information: (1) the identities and structure of the investment vehicles through which RedBird held its interest in OneTeam Partners, LLC ("OneTeam"); and (2) the number of third-party investors in those vehicles and the size of their indirect ownership interests in OneTeam. The Court has already permitted Petitioners to redact both categories of information from the Motion to Compel and the Sealed Exhibits. Dkt. No. 12. It should do so again here.

First, the presumption of public access is weak here. The Opposition, Cermak Declaration, and Graff Exhibit are being filed in connection with a discovery dispute, meaning "the presumption of access is entitled to only 'modest' weight, because the resolution of a

discovery motion does not require the Court to 'analyze the merits of the parties' claims or defenses.'" *In re New York City Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022) (quoting *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016)).

Second, compelling countervailing interests outweigh the modest presumption. The redacted information is the same confidential and commercially sensitive business information the Court has already sealed. Dkt. No. 12. RedBird does not publicly disclose its fund structure or the identities and holdings of its investors. Cermak Decl. ¶7. It assured those investors of confidentiality when they invested, and disclosure would risk damaging RedBird's relationships with its investors and expose its investment structure to competitors. *Id.* ¶¶7-8, 10. Redacting this information is thus warranted. *See, e.g.*, *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) ("Courts in this District … routinely seal documents to prevent the disclosure of confidential business information.").

Third, the information concerns nonparties. The redacted passages describe the holdings of third-party investors who are not before the Court and have no connection to the underlying litigation. "The privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citation modified).

Finally, the proposed redactions are narrowly tailored. The RedBird Respondents request redacting only the identified portions of documents that disclose confidential information; the remainder of the Opposition, Cermak Declaration, and Graff Exhibit will be publicly filed. *See Leonard as Tr. of Poplawski 2008 Ins. Tr.* v. *John Hancock Life Ins. Co. of N.Y.*, 2020 WL 1547486, at *1 (S.D.N.Y. Mar. 31, 2020) (granting motion to seal where redactions included "only a handful of phrases … and the proposed redactions are no broader than necessary to protect the compelling interest at stake"); *Cooksey v. Global Grind Dig.*, 2016 WL 316853, at *3 (S.D.N.Y. Jan. 26, 2016) (granting motion to seal where "the redactions are narrowly tailored to redact a small part of the Amended Complaint"). The unredacted portions of the Opposition, Cermak Declaration, and Graff Exhibit give the public "information sufficient to understand the parties' arguments and the Court's adjudication." *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018).

For the foregoing reasons, the RedBird Respondents respectfully request that this Court grant this letter motion and permit the unredacted Opposition, Cermak Declaration and Graff Exhibit to remain under seal, and permit the redacted versions of those documents remain on file for public view.

Respectfully yours,

Ilan T. Graff

Cc: All Counsel of record, via ECF

Granted.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: October 19, 2026
New York, New York