UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COOPERSTOWN PROPERTIES, LLC *et al.*,<br><br>Petitioners,<br><br>-v-<br><br>REDBIRD CAPITAL PARTNERS MANAGEMENT, LLC *et al.*,<br><br>Respondents. | 26 Mc. 467 (PAE)<br><br><u>OPINION & ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

In this miscellaneous action, Cooperstown Properties, LLC and Cooperstown Dreams Park, Inc. (collectively, "petitioners") move under Federal Rule of Civil Procedure 45 to compel five respondents to produce documents responsive to subpoenas issued by the U.S. District Court for the Northern District of New York ("NDNY"). Dkt. 2 ("Mot."). Petitioners alternatively request that their motion be transferred to the NDNY. *Id.* For the following reasons, the Court transfers petitioners' motion to the NDNY for resolution.

**I. Background**

Petitioners operate Cooperstown Dreams Park, a youth baseball facility in Cooperstown, New York. *See* Complaint ¶ 12, *Cooperstown Props., LLC v. OneTeam Partners, LLC*, No. 25 Civ. 60 (N.D.N.Y. Jan. 13, 2025), Dkt. 1. Cooperstown Dreams Park competes with Cooperstown All Star Village, another youth baseball facility in the area. *Id.* ¶¶ 20–21.

On January 13, 2025, petitioners sued OneTeam Partners, LLC ("OneTeam"), a sports investment company, in federal court in the NDNY. *Id.* ¶ 1. They alleged that OneTeam infringed their trademark and copyright by using petitioners' logo, on a timeline displayed on

OneTeam's website, to describe OneTeam's investment in Cooperstown All Star Village. *Id.* ¶¶ 20–21.

Between June 18 and June 24, 2026, petitioners served five non-parties—all based in New York City—with document subpoenas. *See* Dkt. 3 ("Kornfield Decl.") Exs. 23–27. Two of the non-parties—investment management firm RedBird Capital Partners Management, LLC and its founder Gerald Cardinale (together, the "RedBird respondents")—helped establish OneTeam back in 2019. *See id.* Ex. 7. The other three—private investment firm Bolt Ventures I LLC; its founder, David Blitzer; and one of its executives, Isaac Harrouche (together, the "Bolt respondents")—arranged OneTeam's investment in Cooperstown All Star Village. *See id.* Exs. 12, 15–16.

The RedBird subpoenas sought, among other things, records concerning RedBird's interests in OneTeam, the beneficial owners of entities through which RedBird held those interests, and "[d]ocuments sufficient to disclose any transactions or partnerships between OneTeam and All Star Village since August 7, 2021." *See id.* Exs. 26–27. The Bolt subpoenas similarly sought, among other things, "[d]ocuments sufficient to disclose All Star Village's owners since January 1, 2018," and "[d]ocuments sufficient to disclose any transactions or partnerships between OneTeam and All Star Village since August 7, 2021." *Id.* Exs. 23–25. Petitioners contend that the materials they seek are relevant to their lawsuit because they may reveal whether OneTeam shared owners or business relationships with Cooperstown All Star Village; if so, that could suggest that OneTeam knew All Star Village was a different facility from Dreams Park and thus that it willfully infringed petitioners' trademark and copyright. *See id.* Exs. 16, 19–22.

On September 22, 2026, petitioners filed this miscellaneous action in this District. Dkt. 1. They moved to compel all five respondents' compliance with the subpoenas or, alternatively, to transfer the motion to the NDNY. Mot. at 1.

On October 16, 2026, both the RedBird and the Bolt respondents opposed. Dkts. 17 ("Bolt Opp'n"); 19 ("RedBird Opp'n"). On October 23, 2026, petitioners replied. Dkt. 30 ("Reply"). On October 27, 2026, the Bolt respondents requested leave to file a sur-reply. Dkt. 32.

## II. Discussion

### A. Rule 45 Motion

#### 1. Legal Standard

Under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

"[T]he proponent of transfer bears the burden of showing that [exceptional] circumstances are present." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. The issuing court's general familiarity with this case "alone is insufficient" to establish exceptional circumstances. *Cohen v. Grp. Health Inc.*, No. 22 Mc. 200, 2022 WL 4534552, at *3 (S.D.N.Y. Sep. 28, 2022) (cleaned up) (quoting *Drummond Co., Inc. v. VICE Media LLC*, No. 21 Mc. 859, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022)). Instead, courts consider a range of factors including, for example, whether the "motion is time-sensitive," *N. Atl. Operating Co. v. Dunhuang Grp.*, No. 18 Mc. 154, 2018 WL 3381300, at *2 (D. Del. July 11, 2018), whether the issuing court has been highly "involve[d] and familiar[]" with the issues presented in the motion, *id.*, whether "discovery is complicated," *Cadence Pharms., Inc. v. Multisorb Techs.,*

*Inc.*, No. 16 Mc. 22, 2016 WL 4267567, at *5 (W.D.N.Y. Aug. 15, 2016), and whether transfer would "serve the interest of justice," *Stanziale v. Pepper Hamilton LLP*, No. 8 Mc. 85, 2007 WL 473703, at *6 (S.D.N.Y. Feb. 9, 2007).

The advisory committee note accompanying the 2013 amendments to Rule 45, moreover, explains that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. In such cases, transfer is appropriate "only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

**2. Application**

The Court, upon review of the parties' submissions, finds it proper to transfer petitioners' motion to the United States District Court for the NDNY, the court in which the subpoenas were issued.

*a. RedBird respondents*

The RedBird respondents have consented to transfer on the condition that petitioners will not oppose a virtual appearance should a hearing be necessary in the NDNY. RedBird Opp'n at 18; *see also* Mot. at 1 n.2. Petitioners have accepted that condition, "certify[ing] that if the Court transfers the Motion to Compel to the Northern District of New York, Petitioners will not oppose virtual argument." Dkt. 13 at 2.

"The prime concern" animating Rule 45 is to avoid burdening "local nonparties subject to subpoenas." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. Consent from both sides "obviate[s] the need for such protections." *Bogard Constr. Inc. v. Oil Price Info.*

*Serv., LLC*, No. 21 Civ. 3005, 2022 WL 1213307, at *2 (D. Md. Apr. 25, 2022) (collecting cases). The RedBird respondents' "consent to the transfer," in this way, "provides sufficient grounds for this Court to grant [the] motion to transfer." *Hall v. Marriott Int'l Inc.*, No. 21 Mc. 80165, 2021 WL 3129598, at *2 (N.D. Cal. July 23, 2021).

*b. Bolt respondents*

The Bolt respondents oppose the motion to transfer. They argue that petitioners "have not demonstrated exceptional circumstances outweighing [the Bolt respondents'] interest in local resolution." Bolt Opp'n at 17. Upon close examination of the record, however, the Court is unpersuaded and finds that exceptional circumstances warranting transfer exist.

First, the procedural posture of the underlying action in the NDNY favors transfer. Discovery in that case closed on October 15, 2026, before either the RedBird or Bolt respondents filed their opposition here. *See* Minute Entry, *Cooperstown Props., LLC v. OneTeam Partners, LLC*, No. 25 Civ. 60 (Oct. 30, 2026). And on October 30, 2026, OneTeam moved for partial summary judgment. First Motion for Partial Summary Judgment, *Cooperstown Props.*, No. 25 Civ. 60, Dkt. 89. That said, at least one discovery dispute remains unresolved before that court. *See* Letter Motion, *Cooperstown Props.*, No. 25 Civ. 60, Dkt. 92. Whether additional discovery—including the discovery sought before this Court—should nevertheless be compelled is intertwined with the NDNY's management of the case schedule and the underlying litigation. *See FellowShip Warehousing & Logistics LLC v. Freight Innovation LLC*, No. 26 Mc. 323, 2026 WL 2044757, at *2 (S.D.N.Y. July 15, 2026) (transferring subpoena dispute to issuing court to avoid "interfere[ring] with that court's management of this case"); *Brown Rudnick LLP v. Off. Comm. of Unsecured Creditors*, No. 24 Mc. 57, 2024 WL 756311, at *2 (S.D.N.Y. Feb. 23, 2024) (transferring subpoena dispute because issuing court "is in a far better position to assess

how the subpoena at issue relates to the overall . . . proceeding"); *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022) (transferring subpoena dispute in part based on the "posture and complexity of the underlying action"). Transfer would ensure, at a minimum, that any further discovery proceeds subject to the issuing court's assessment of the remaining needs of the litigation.

Second, the NDNY has "deep experience managing discovery in the underlying case." *Brown Rudnick*, 2024 WL 756311, at *2. It has overseen this case for almost two years. It has repeatedly supervised confidentiality disputes involving information about All Star Village's business relationships. *See* Order, *Cooperstown Props.*, No. 25 Civ. 60, Dkt. 56; *id.*, Dkt. 60. And it has supervised related discovery involving another non-party by authorizing a subpoena directed to Martin Patton—a former owner of Cooperstown All Star Village—seeking information concerning the facility's ownership and investment history that overlaps with that sought from the Bolt respondents. *See* Order, *Cooperstown Props.*, No. 25 Civ. 60, Dkt. 78; *compare id.* at 11–12 (Request Nos. 1–15), *with* Kornfield Decl. Ex. 23 at 11–12 (Request Nos. 1–15), Ex. 24 at 11–12 (Request Nos. 1–14), *and* Ex. 25 at 11–12 (Request Nos. 1–14). The Bolt respondents assert that the NDNY's experience with the Patton subpoena does not favor transfer because "Patton's relationship to [Cooperstown All Star Village], the information he may possess, and his objections differ from those of [the Bolt respondents]." Bolt Opp'n at 17. That may prove true. But the NDNY is better positioned than this Court to assess whether, and to what extent, the Patton discovery bears on the relevance of and need for the discovery sought here. It is also better positioned to evaluate the Bolt respondents' objections against the record of the underlying litigation. "[C]ourts in this district have transferred motions where the judge in the underlying case has already been managing discovery." *Honeywell Int'l Inc. v. Mazars USA*

*LLP*, No. 21 Mc. 870, 2022 WL 94881, at *1 (S.D.N.Y. Jan. 10, 2022) (citation omitted); *see also In re Subpoena to Nat'l Acad. of Scis.*, 347 F.R.D. 45, 50 (D.D.C. 2024) ("[T]his Court—which has no familiarity with the underlying litigation—is in a worse position relative to the [issuing court] for evaluating the need for these documents against the backdrop of the case.").

Third, transfer would promote judicial efficiency and reduce the risk of inconsistent rulings. The RedBird respondents have consented to transfer. *See* RedBird Opp'n at 18; *see also* Mot. at 1 n.2. It would make little sense for this Court to adjudicate the Bolt respondents' objections while the NDNY adjudicated the RedBird respondents' objections. Doing so would create a "real risk" that the Court's "ultimate ruling . . . conflict[s]" with that of the NDNY. *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19 Mc. 130, 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019); *see also Amyndas Pharms. Single Member P.C. v. Alexion Pharms., Inc.*, No. 23 Mc. 447, 2023 WL 8280973, at *1 (S.D.N.Y. Nov. 30, 2023) (transferring subpoena dispute to "serve judicial economy and consistency by avoiding piecemeal litigation" (cleaned up)). Both the RedBird and Bolt respondents' oppositions, for example, argue that petitioners' requests for information concerning historical investments and business relationships exceed the scope of discovery because those relationships predate the alleged infringement. *See* RedBird Opp'n at 11–13; Bolt Opp'n at 10–12.

Finally, the Bolt respondents have not identified any burden caused by transfer that could outweigh its benefits. *See* Bolt Opp'n at 16–17. Nor can they. To start, petitioners have agreed not to oppose any request for a virtual hearing in the NDNY, Dkt. 13 at 2—an accommodation that would substantially reduce the Bolt respondents' burden. The Bolt respondents also have substantial financial resources and a national presence. Blitzer, a billionaire, has through Bolt Ventures I LLC "assembled a portfolio of more than a dozen companies built around youth

sport—including baseball, softball, action sports and flag football—and spanning over 30 states from New Jersey to Oregon." Kornfield Decl. Ex. 12 at 4. Given the Bolt respondents' resources, their national reach, and their representation by the international law firm Morgan, Lewis & Bockius LLP, they "cannot claim a meaningful additional burden by an order obliging [them] to litigate this motion, too, in" the NDNY. *Brown Rudnick*, 2024 WL 756311, at *2; *see also, e.g.*, *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 35 (D.D.C. 2014) ("the general interest in protecting local nonparties by requiring local resolution of subpoena-related disputes is significantly reduced" because of subpoena recipient's "national reach"); *In re Subpoena to Kia Motors Am., Inc.*, No. 14 Civ. 1315, 2014 WL 2118897, at *1 (C.D. Cal. Mar. 6, 2014) (transfer would not burden subpoena recipient, "a national automotive company").

**B. Motion for Leave to File Sur-reply**

**1. Legal Standard**

"Motions for leave to file a sur-reply 'are subject to the sound discretion of the court.'" *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 Civ. 10832, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (citation omitted). "Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs." *Salemo v. Comm'r of Soc. Sec.*, No. 11 Civ. 2830, 2012 WL 1019054, at *2 n.1 (S.D.N.Y. Mar. 27, 2012) (citation omitted).

"It is true that sur-replies are permitted when an opposing party raises arguments for the first time in a reply." *Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023). But "where a party requesting to submit a sur-reply was on notice of the opposing party's argument or the party had ample opportunity to address the argument, courts have denied leave to file a sur-reply." *Id.* (citation omitted). Courts also deny leave to file a sur-

reply where, "in reaching [their] decision," they "do[] not rely on" arguments that the sur-reply seeks to address. *Trott v. Deutsche Bank, AG*, No. 20 Civ. 10299, 2025 WL 2783555, at *7 n.8 (S.D.N.Y. Sep. 30, 2025).

### 2. Application

The Bolt respondents seek to file a sur-reply, arguing that petitioners' reply raises three "new issues material to the disposition of the motion." Dkt. 32 at 1. They assert that the reply (1) "identifies for the first time seven specific purported deficiencies" in the documents that the Bolt respondents have already produced; (2) "submit[s] a new article" that bears on the "ownership relationships between OneTeam and [Cooperstown All Star Alliance]"; and (3) "invoke[s]" the NDNY's "order concerning a subpoena directed to nonparty Martin Patton as support for transferring this proceeding under Rule 45(f)." *Id.* at 1–2.

These assertions do not warrant granting leave to file a sur-reply. The first two are immaterial to the Rule 45(f) inquiry, the sole basis for this decision. And the final one does not warrant further briefing. The Bolt respondents have already addressed the Patton subpoena in their opposition. *See* Bolt Opp'n at 17. In any event, the Patton subpoena is but one of many considerations supporting transfer, and it is not dispositive. *See Convergen Energy LLC v. Brooks*, No. 20 Civ. 3746, 2020 WL 4500184, at *3 n.2 (S.D.N.Y. Aug. 5, 2020) (denying request to file sur-reply whose contents "would not change the result in this case").

## CONCLUSION

For the foregoing reasons, the Court transfers petitioners' motion to compel to the United States District Court for the Northern District of New York pursuant to Federal Rule of Civil Procedure 45(f). The Bolt respondents' request to file a sur-reply is denied.

The Clerk of the Court is respectfully directed to terminate the motions pending at Dkts. 1 and 32, and to transfer the case to the U.S. District Court for the Northern District of New York.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: November 12, 2026
New York, New York